CITIES SERVICE OIL COMPANY, as
owner of the STEAMSHIP CITIES
SERVICE BALTIMORE, Libellant-Appellant,

v.

The ARUNDEL CORPORATION,
Respondent-Appellee.

No. 94, Docket 28326.

United States Court of Appeals
Second Circuit.

Argued Oct. 1, 1964.

Decided Nov. 2, 1964.

David C. Wood, New York City (Eli Ellis, Hill, Betts, Yamaoka, Freehill & Longcope, New York City, on the brief), for libellant-appellant.

John H. Hanrahan, New York City (Foley & Martin, New York City, on the brief), for respondent-appellee.

Before LUMBARD, Chief Judge, and FRIENDLY and MARSHALL, Circuit Judges.

PER CURIAM.

Cities Service Oil Company appeals from a judgment dismissing its libel against the Arundel Corporation. Libellant's supertanker, the Cities Service Baltimore, was in the Prall's Island Reach, en route from a Staten Island anchorage to the Cities Service dock at Linden, New Jersey, when it ran aground while attempting to pass Drill Boat No. 3, a non-selfpropelled dredge owned by respondent. Libellant brought this action in the United States District Court for the Southern District of New York for the resulting damages.

Cities Service Baltimore is an ocean-going tanker, 661 feet long and 91 feet wide; heavily laden on this voyage, she drew 32 feet, 4 inches forward and 32 feet, 3 inches aft. The Prall's Island Reach channel is 400 feet wide where the accident occurred, with a controlling depth—minimum depth of the channel at mean low water as found in government surveys—of twenty-nine and a half or thirty feet.

On December 2, 1957, Drill Boat No. 3 was engaged in deepening the channel under contract with the Corps of Engineers and was anchored near mid-channel. As Cities Service Baltimore approached the drill boat, the tanker sounded its whistle as required by the pilot rules. Though the rules also state that the dredge should reply by indicating the side on which the ship should pass, the drill boat did not respond either to the tanker's first signal or to its subsequent signals. However, Captain Herbert C. Hunter, the tanker's master, testified that drill boats rarely reply to such signals.

After consultation among the pilot and the tanker's officers, it was decided to pass to the east of the dredge, and the tanker went aground as it drew abreast of it. Libellant's theory is that there was a considerable risk of straying outside the channel unless the drill boat assisted by moving from the center of the channel and by giving proper signals, that these failures violated the drill boat's statutory duty, and that the grounding resulted from the violations. It is essential to this theory that the grounding be found to have occurred outside the channel; otherwise, the Cities Service Baltimore grounded simply because her draft was too great for the channel at the existing tide. Whether it did or not is a question of fact, which Judge Weinfeld resolved in favor of the respondent.

Evidence bearing on the question where the ship grounded was of two kinds: direct evidence as to the ship's location and evidence as to whether it was physically possible for a ship of the tanker's draft to go aground within the channel at the time that the grounding occurred, which was at high tide. There was conflicting evidence on both points, and resolution of the conflict depended on the relative weight given to various

844

kinds of evidence, traditionally a matter for the trier of fact. Judge Weinfeld's finding was directly supported by the testimony of Captain Thomas J. Port, the pilot in charge of the vessel at the time of the grounding. He testified that he believed that the ship went aground within the channel and that the cause of the accident was a lower than predicted tide. On the record before us, we cannot say that Judge Weinfeld's finding was clearly erroneous.

Once it is decided that the tanker went aground within the channel, judgment for the respondent necessarily follows. All available information showed that the same controlling depth, whether it was twenty-nine and a half or thirty feet, prevailed for the full width of the channel. In other words, one course within the channel appeared to be as good as another, and the acts and omissions of the drill boat did not increase the tanker's chances of grounding within the channel.

The judgment of the district court is affirmed.